# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| KRISTINA RIES, on behalf of her deceased minor child, NICKOLAS RIES, | * * * * | No. 14-1104V |
| Petitioner, | * * | Special Master Christian J. Moran |
| v. | * * | Filed: September 9, 2015 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' fees and costs; award in the amount to which |
| Respondent. | * | respondent does not object. |
| * * * * * * * * * * * * * * * * * * * * * * | | |

Andrew Donald Downing, Van Cott & Talamante, PLLC Phoenix, AZ, for Petitioner;
Ryan Daniel Pyles, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 8, 2015, petitioner filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted a draft application to respondent for review and after informal discussions regarding objections raised by respondent, petitioner agreed to amend her application to seek $25,450.00 for attorneys' fees and costs. Respondent found petitioner's application to be reasonable. The Court awards this amount.

On November 13, 2014, Kristina Ries filed a petition alleging that her minor child, Nickolas Ries, suffered an adverse reaction to the influenza ("flu") vaccine he received on December 11, 2012, and subsequently died as a result. The

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

information in the record, however, did not show entitlement to an award under the Program.  <u>Decision</u>, issued August 12, 2015.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  <u>See</u> 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner spent time gathering medical records and filing affidavits for petitioner.  Counsel consulted an expert and then counsel realized that proof of causation was lacking and the case could not proceed.  At this point, counsel took steps to resolve this case relatively quickly so as not to increase costs and expenses unnecessarily.  Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$25,450.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she did not incur any in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $25,450.00 in the form of a check made payable to petitioner and petitioner's attorney, Van Cott & Talamante, PLLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master